Richmond.

TERRY, ASSIGNEE v. DICKINSON AND ALS.

April 21.

Absent, *Burks*, J.*

1. Where process in an action of debt was served upon a defendant whilst he was in the military service of the Confederate States, and there is an office judgment confirmed whilst he is in the service, the judgment is a valid judgment and cannot be questioned in another suit.

2. The judgment is not void though no declaration was filed in the cause, and can only be avoided by the proper proceedings taken in due season in the court which rendered the judgment.

3. If, upon proceedings in the county court which rendered the judgment to set it aside, that court sustains the motion, and upon writ of error to the circuit court the judgment of the county court is reversed, and the motion dismissed, and there is no appeal, the judgment of the circuit court is conclusive in favor of the original judgment upon all other courts.

4. A bill to set aside a judgment on the ground of usury, simply says the debt was usurious, without stating the usurious interest taken ; the defendant denies the usury and the charge of usury is not sustained by competent evidence; the court will not, after long delay, set aside the judgment and grant a new trial.

This was a suit in equity in the circuit court of Franklin county, brought in June, 1875, by Joseph M. Terry, assignee in bankruptcy of Thomas C. Callaway, to set aside a judgment which had been rendered in the county court of Franklin in 1862, in favor of Randolph Dickinson against James M. H. Leftwich and the said Callaway, on a bond for

*He had been counsel in the cause.

$1,117.50, executed to the said Dickinson by said Leftwich with Callaway as his surety, and for relief against the debt on the ground of usury.

The grounds stated for setting aside the judgment was that Callaway, at the time of the service of the writ upon him, was in the military service of the Confederate States, and was at home on leave only for a few days, and was not liable to be sued; that neither a declaration or the bond was filed, but the clerk of the court endorsed the common order on the writ, and the judgment was entered by default after Callaway had returned to the army. The bill charged that the bond was given for a usurious loan of money, but does not state the amount of the usury, or in what it consisted; and disclaiming any call for a discovery from the defendant Dickinson, he asks that an issue may be directed to enquire whether or not the bond aforesaid was executed for a usurious consideration. The prayer of the bill is that the judgment may be set aside, and for general relief.

Dickinson answered the bill. He denied that Callaway's being in the military service exempted him from suit, and he insisted that the judgment was a valid judgment by a court of competent jurisdiction, which could not be questioned in a collateral proceeding. And he relied moreover upon the fact that in 1874 the plaintiff, as assignee of Callaway, had moved the county court to set aside the judgment; which motion had been sustained by the county court; but upon a *supersedeas* to the circuit court, that court had reversed the judgment of the county court. And he denied that he had ever loaned to Leftwich any money at a higher rate of interest than that allowed by law.

The plaintiff introduced Callaway and Leftwich as witnesses. As to the usury, Callaway only says, he advised Mr. Leftwich at the time not to give the bond because Randolph Dickinson was charging him too much interest.

Leftwich said he was the principal in the bond, and that

more than six *per cent.* was discounted by Dickinson from the bond.

The cause came on to be heard on the 16th of April, 1877, when the court dismissed the bill with costs. And thereupon Terry applied to a judge of this court for an appeal and *supersedeas;* which was awarded.

*Wickham & Page, T. A.· Wickham* and *E. Barksdale, Jr.,* for the appellant.

*J. Alfred Jones* and *Wood Bouldin, Jr.,* for the appellee.

STAPLES, J., delivered the opinion of the court.

This case is governed in its main points by the principles laid down in *Neale* v. *Utz et als.*—just decided. In that case, it will be remembered, the judgment assailed was recovered against a penitentiary convict. In this case it was recovered against a debtor in the military service of the Confederate States upon process issued whilst the defendant was in such service. From what has already been said, such a judgment cannot be successfully assailed in any collateral proceeding. The present bill was not filed by the debtor himself, but by his assignee in bankruptcy, more than twelve years after the judgment was recovered.

In addition to the ground that the judgment is null and void, because recovered against a defendant in the military service, it is insisted that no declaration was ever filed in the case, and the proceedings were in other respects irregular. It has been seen, however, that such irregularities do not render the judgment void, although they may furnish ground for a reversal by proper proceedings taken in due season in the court which rendered the judgment. These proceedings were taken in April, 1874, by the assignee in bankruptcy—a motion was then made by him in the

county court to set aside the judgment upon the identical obligations of irregularity contained in the present bill, and that motion was sustained by the court and the judgment vacated. Upon a writ of error to the circuit court, however, the judgment of the court was reversed, and the assignee's motion dismissed with the costs. From that decision no appeal was ever taken. Upon the most familiar principles a judgment of the circuit court upon a matter within its jurisdiction, so long as it is unreversed, is as binding and conclusive as a judgment of this court. It will be forever conclusive upon all concerned unless reversed within the prescribed period by the court which rendered the judgment, or by some appellate tribunal clothed with the necessary supervisory control and jurisdiction. (3 Peters, 193.) The judgment of the appellee cannot then be called in question upon either of the grounds suggested.

It only remains to consider the charge of usury made in the bill. In doing so, it is not necessary to discuss the question of jurisdiction. Conceding that the jurisdiction exists, the appellant has not made a case for relief in a court of equity. The bill contains a vague and general charge of usury. It enters into no explanation; it gives no information on the subject. So far from calling for a discovery from the appellee, it avers that the appellant desires none, and that he can prove that the bond was executed for a usurious consideration. The charge is positively denied in the answer. Two witnesses are introduced by the appellant, one of whom, Leftwich, the principal obligor, says that he traded the bond to the appellee at a discount exceeding *six per cent*. And this is all we have from this witness. Calloway, who is the surety for the debt, says he advised Mr. Leftwich at the time not to give the bond, because the appellee was charging him too much interest. And this is all he tells on the subject. Whether the wit-

ness acquired his information from Leftwich or from the appellee, we are left to conjecture. It cannot, therefore, be affirmed that there are two witnesses in support of the bill; and if this difficulty were removed, it is impossible to ascertain what was the usurious premium, or to what extent the bond is infected with it. If the court is to grant relief upon the terms usually imposed by courts of equity in this class of cases, what is to be the extent of the relief when neither parties nor witnesses can or will say, how much usurious interest was charged. Surely it will not be contended that now, after a lapse of eighteen years, this court, upon such testimony, is to set aside the judgment and grant a new trial, especially when no circumstances of fraud or surprise or undue advantage are proved or suggested.

There is nothing in the appellant's case to commend it to the favorable consideration of a court of equity, and all of us are of opinion to affirm the decree of the court below.

DECREE AFFIRMED.