# Wytheville.

## RUFFIN V. COMMERCIAL BANK.

### JUNE 14th, 1894.

1. INJUNCTION—*Power of lower court.*—Judge of lower court has no power when the case is at rules and that court is not in term, to increase the bond upon an injunction granted by a judge of this court after its refusal by the lower court, and its return and recordation therein, although it becomes in effect an order of that court, which might be acted upon as such by that court in term.

2. IDEM—*Collateral security.*—Where claim of adverse party is fully protected by collaterals, an order to increase an injunction bond, *held* error.

3. CHANCERY PRACTICE—*Usury.*—To dismiss on the ground that the plaintiff has ample remedy at law, a bill filed under Code, § 2822, against lender to discover the amount of money actually lent, &c., and its interest, and if the interest was more than lawful, that the lender shall recover only the principal and pay the costs: *held*, error.

Argued at Richmond.    Decided at Wytheville.

Appeal from order of the judge of the hustings court of Danville, made April 8, 1892, in the suit of W. N. Ruffin against the Commercial Bank and others, and from decree of said court in said suit, rendered at its June term, 1892, dismissing the bill of the complainant, who appealed to this court. Opinion states the case.

*Riely & Leigh, Julien Meade, Berkeley & Harrison,* and *A. J. Montague,* for appellant.

*Peatross & Harris,* for appellee.

LACY, J., delivered the opinion of the court.

This bill was for an injunction to restrain the prosecution of two common law suits, and seeking under section 2822 of the Code of Virginia relief against usury.

The injunction prayed for was denied by the judge of the corporation court on the 30th of March and 1st of April, 1892, was granted by a judge of this court on the 2d of April, 1892, and a bond fixed at $250. On the same day the Commercial Bank, the appellee, gave notice of a motion to have the bond under the injunction order increased, on the 6th day of April, 1892. On that day the motion was heard upon affidavits. Whereupon the judge of the corporation court increased the bond to $2,500, which the plaintiff was not able to give, as his assets in large amounts were already in the hands of the bank, and constituted his chief property. Upon the affidavits, it appeared that the collateral deposited on the notes, which evidenced the debts sued on was ample to secure the payment of the debts.

The order of the judge of this court granting an injunction which had been refused by the lower court, is, when returned to the corporation court and recorded there, in effect, an order of that court. Therefore it cannot be denied that the judge of that court if so advised, might act upon it as an order of his own court, when it came before him, but this cannot be said to be so when the case is at rules, and the court is out of term. If this could be so, then the judge of the lower court might out of court annul the order for any cause. Whereas the contemplation of the law in such case is that the case shall be matured as any other case, and to be considered by the court when brought before it, as any other case within its jurisdiction.

If this, however, were otherwise and the contemplation of the law in such case is that the order of the judge of this court acting on an injunction refused by the lower court may be dis-

regarded at any stage, yet in this case I am of opinion that the judge below erred in increasing the bond in any amount. Under the circumstances of this case the debt was amply secured by collateral security in the hands of the creditor and the penalty of the bond was ample.

It appears further that upon demurrer the bill was dismissed, the remedy at law being held sufficient. This was erroneous, however the fact might be as to the action at law. The plaintiff was entitled to his remedy under section 2822, *supra*. And the effect of the decree was to annul the statute in this case, and was therefore erroneous and must be reversed and annulled, and the case be remanded, to be proceeded in under the statute, which provides that "any borrower of money or other thing may exhibit a bill in equity against the lender, and compel him to discover, upon oath, the money or thing really lent, and all bargains, contracts, or other shifts relative to such loan and the interest or consideration of the same. And if it appear that more than lawful interest was reserved, the lender shall recover only his principal money or other thing without interest, and pay the costs of the suit. If property has been conveyed to secure the payment of the debt, and a sale thereof is about to be made, or is apprehended, an injunction may be awarded to prevent such sale pending the suit."

The appellant is entitled to the benefit of this statute, which has been denied him.

The decree appealed from is reversed and annulled, and the cause must be remanded to the corporation court of Danville to be further proceed in, in accordance with this opinion.

DECREEE AND ORDER REVERSED.