93   821
95   534
93   821
100  506

## Richmond.

EXCHANGE & DEPOSIT BANK & OTHERS V. FUGATE & OTHERS.

JANUARY 15, 1896.

Absent, Cardwell and Buchanan, JJ.

1. USURY—*Sums Appropriated to Interest by Borrower and Lender—Recovery Back—Limitations.*—Where the borrower and the lender have agreed to appropriate, and have actually applied payments made by the borrower, to the extinguishment of the interest as it accrued on the sum loaned, the borrower cannot, after the lapse of nearly six years, recover back the amounts so paid, even though the interest be in excess of the rate allowed by law. But where usurious interest is included in the original note, it should be expunged and a decree rendered for the residue, with interest thereon from the date of the decree.

Appeal from a decree of the Circuit Court of Washington county, pronounced October 12, 1894, in a suit in chancery wherein the appellees were the complainants, and the appellants were the defendants.

*Reversed.*

The opinion states the case.

*White & Penn* and *F. B. Hutton,* for the appellants.

*J. H. Wood,* for the appellees.

KEITH, P., delivered the opinion of the court.

E. S. Fugate and others filed their bill in the Circuit Court of the county of Washington on the 6th day of July, 1894, setting forth that the Exchange and Deposit Bank of Abingdon had recovered a judgment by default against them

at the April term, 1893, of the said Circuit Court, for the sum of $4,502.14, with interest from October 19, 1888, and $13.48 costs. The bill alleges that the debt upon which the suit was brought was originally $5,000, received in the year 1882 by E. S. Fugate, for which he gave his note with D. G. Thomas, now deceased, as endorser; that said note had been frequently renewed from time to time, and that he was required, at each renewal, to pay in advance large sums to the bank in the way of interest, greatly in excess of lawful interest, and amounting to at least *ten per centum per annum* upon the sum so lent. They charge that if a credit should be allowed them on the debt for the several sums of interest so paid, the principal would be nearly, if not altogether, extinguished. They ask that a court of equity will compel the defendants to discover the money really lent, and all the bargains, renewals, and other shifts, relative to such loans, and the interest and consideration for the same. An injunction was awarded to the judgment, and the defendants, at the October term, 1894, filed their answers, in which, among other defences relied upon, they plead the statute of limitations; and, it appearing that the aggregate of all the payments made to the date of the decree amounted to $1,861.17, the court, holding that the transaction was usurious in its inception, directed a credit to that amount to be placed upon the principal of the judgment, and as to the residue the injunction was dissolved. Embraced in the sum of $1,861.17 are two items of $20.21 and $26.11, making together $46.32, which represent the discount of a note of $586.21, and of another note of $1,000, at an usurious rate of interest—these two notes constituting a part of the note upon which the judgment against the plaintiffs was obtained. This sum of 46.32 should, we think, be deducted from the principal of the debt evidenced by the judgment, making the true principal $4,455.82; but the borrower and the lender having agreed to appropriate, and

having actually applied, the several sums of money paid to the extinguishment of the interest as it accrued, and the last payment having been made as early as July 13, 1888, about six years before the institution of this suit, the sums of money so paid and applied cannot now be reclaimed and imputed to the principal of the debt, or set off against it.

For the reasons stated in writing and filed with the record in the case of *Munford, Trustee,* v. *McVeigh's Adm'r.*, 92 Va. 446, we are of opinion that there is error in the decree complained of, and this court, proceeding now to enter such decree as the Circuit Court ought to have entered, doth order that its decree be reversed and annulled, and that the appellants recover of the appellees the sum of $4,455.82, with interest thereon from the 12th day of October, 1894, and their costs in this court. *King* v. *Buck,* 30 Gratt. 828.

*Reversed.*