95  533
100  503

# 𝔑𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

GREER, RECEIVER, v. HALE & OTHERS.

JANUARY 20, 1898.

Absent, Cardwell, J.

1. USURY—*Relief Against Judgment by Default—Measure of Relief.*—Notwithstanding the change in the statute declaring that usurious contracts shall be deemed to be for an illegal consideration, instead of void as formerly, a court of equity will relieve against a judgment by default on a usurious contract, and the measure of relief is that the lender can only recover the principal sum loaned or forborne, subject to the rule laid down in *Munford* v. *McVeigh,* touching the application of payments. The measure of relief is the same in all cases involving the charge of usury, whether at law or in equity, no matter in what way the question is presented, if the usury be established.

Appeal from a decree of the Circuit Court of Franklin county, pronounced June 25, 1896, in a suit in chancery, wherein the appellant was the complainant, and the appellees were the defendants.

*Affirmed.*

The complainant had recovered a judgment by default against the defendant, and this suit was instituted for the purpose of subjecting the lands of the defendants to the payment of the judgment. The defendants answered, alleging usury in the transaction. The usury was clearly proved, and the defendants were relieved from the payment of all of the judgment except the principal sum loaned.

*E. W. Saunders,* for the appellant.

*Dillard & Lee,* for the appellees.

HARRISON, J., delivered the opinion of the court.

The questions raised in this case for consideration are:

First, will a court of equity relieve against a judgment obtained at law, by default, upon a contract tainted with usury? Second, if it will, what is the measure of relief?

If the question were one of first impression in this State there would be great force in the view urged by the counsel for appellant that a defendant who has had ample opportunity to make his defence in an action at law without availing himself of it, should not, in a subsequent chancery proceeding brought to enforce the judgment at law, be permitted to disturb its finality by interposing the defence that the contract upon which it was founded was tainted with usury.

It is, however, well settled in Virginia that a court of equity will interfere with a judgment at law to relieve against usury. This was held in *Young* v. *Scott*, 4 Rand. 415, and the doctrine has since been recognized in a number of cases, the latest being *Exchange Bank* v. *Fugate*, 93 Va. 821. It would serve no good purpose to advert to the reasons which led to the exercise of this jurisdiction, for whether those reasons commended themselves to our judgment or not it would be our duty to enforce the law as established.

The change in the statute declaring that usurious contracts shall be deemed to be for an illegal consideration instead of void, as formerly, furnishes no warrant for departing from the long established doctrine that a court of equity will go behind a judgment to relieve against usury. Nor do the recent decisions of *Lynchburg Nat'l Bank* v. *Scott*, 91 Va. 652 and *Munford* v. *McVeigh*, 92 Va. 446, construing that change in the statute, furnish any ground for that contention.

In the case of *Munford* v. *McVeigh, supra,* the statute law of this Commonwealth, and the decisions of this court upon the

subject of usury were elaborately reviewed, and the conclusion reached that the change in the law which declares that usurious contracts "shall be deemed to be for an illegal consideration as to the excess beyond the principal amount so loaned or forborne" has made it possible to bring the relief afforded in courts of law and equity into harmony, and that now whether the suit be prosecuted at law or in equity, if usury be established, the lender can only recover the principal sum loaned or forborne.

It may now be regarded as settled that in all cases involving the charge of usury, whether at law or in equity, no matter in what manner the question may be presented to the court, if the usury be established, the measure of relief will be that the lender can only recover the principal sum loaned or forborne, subject, of course, to the rule laid down in *Munford* v. *McVeigh, supra,* touching the application of payments.

There is no error in the decree appealed from, and it is affirmed.

*Affirmed.*