# CHARLESTON

## LOGAN *v.* BALLARD.

Submitted January 22, 1907.   Decided March 12, 1907.

1. JUDGMENT—*Equitable Relief—Usury.*

   A bill under section 7, chapter 93, Code, for relief against a judgment on the ground of usury, is one for discovery and relief.   It must state that the plaintiff is unable, for want of evidence, to prove the usury, and must call for discovery under oath by the defendant.   (p. 527.)

2. HOLIDAY—*Labor Day—Decree.*

   Labor Day is not a non-judicial day.   A decree rendered on it is neither void nor erroneous   A notice may be acted upon on that day without waiting for the next secular day.   (p 530.)

3. INJUNCTION—*Dissolution— Vacation Powers of Judge.*

   A judge in vacation may dissolve an injunction, but cannot dismiss the bill.   (p. 530.)

Appeal from Circuit Court, Monroe County.

Bill by J. D. Logan against I. N. Ballard and others. Decree for defendants, and plaintiff appeals.

*Reversed in part.   Affirmed in part.*

JOHN OSBORNE, for appellant.

J. H. CROSIER, for appellees.

BRANNON, JUDGE:

I. N. Ballard, as guardian of Willie Luigo, recovered a judgment against J. D. Logan on a promissory note. Logan obtained an injunction against its enforcement on the ground of usury in the note, alleging that the whole note represented usury.   He made complaint of denial of defence, but this is not relied upon.   In vacation the injunction was dissolved and the bill dismissed, and Logan appeals.

The jurisdiction of this Court is challenged on the claim that the amount is not enough.   There were two notes of $800 and $220.   The effort is to guess at the usury charge as $300 and apportion it between the notes, and attribute only $60 to this note.   We do not know whether the other note is

paid. The debtor is not compelled to apportion. His bill claims that all the note sued on is made up of usury. That is the claim of the bill, and that is the test. *Faulconer* v. *Stinson*, 44 W. Va. 546. The bill seeks to get rid of the whole judgment, $230.60. The jurisdiction is very plain.

Was the injunction properly dissolved? That is tested by the bill, there being no answer. The bill alleges that the judgment rests on a note wholly for usury. The claim for equity jurisdiction must rest on Code of 1899, chapter 96, section 7. Can a party go into equity to affect a judgment for usury? The general rule is that he cannot. Usury is a good defence in an action at law, and there is no reason why the judgment is not final as *res judicata* in this instance as in others, precluding all defences pleadable at law. Such is the general law. 29 Am. & Eng. Ency. L. (2d Ed.) 557; Webb on Usury, section 358. But in this state we have section 7, chapter 96, Code 1899. It says that any borrower of money may exhibit his bill in equity against a lender, "and compel him to discover on oath the money or thing really lent, and all bargains, contracts or shifts relative to such loan, and the interest or consideration of the same, and if it appear that more than lawful interest was reserved, the lender shall recover his principal money," with six per cent interest. Does this give jurisdiction in equity in every case? Does it give such jurisdiction in every case of judgments impeached for usury. After a full defence for usury at law is the equity court still open? I think not, though the section makes no exception of such case, or of any judgment. We must give it a construction. This section was passed in 1796. At that time the debtor was not a competent witness to prove the usury, nor could the creditors be called to do so. Usurious transactions were secret, and much against the policy of the law, and were covered up by many shifts and devices. Hence the need of means to secure evidence to prove the usury, and this law was passed to compel the lender to discover the truth. The bill is one of discovery. We cannot think that where the borrower was full handed with proof, and thus could defend at law, that it was designed to let him into equity after judgment, whether he had made, or not made, defence at law. Suppose the

note on which the judgment rests calls on its face for usurious interest. Is it possible that the debtor can in that case, when he has failed to defend at law, go into equity? The Supreme Court of the United States, in construing this Virginia statute, in *Brown* v. *Swan*, 10 Peters 497, on a bill in equity to enjoin proceedings on a judgment, said that a bill under this statute was one of *discovery;* that a it must state what is essential in all such bills of discovery, "that the complainants are unable to prove the facts sought from the conscience of the defendant by other testimony," italicising these quoted words. It held the bill deficient for want of such averment. The court said that a bill under this act was a bill to discover facts which could not be proven according to the existing forms of procedure; that the jurisdiction of equity "rests in this regard upon the inability of courts of common law to obtain, or to compel such testimony to be given. It has no other foundation; and whenever a discovery of this kind is sought in equity, if it shall appear that the same facts could be obtained by the process of the courts of common law, it is an abuse of the powers of chancery to interfere." I think this is spoken by the words of the section. The bill is to "compel him to *discover under oath*." I notice that Judge Staples, in *Terry* v. *Dickinson*, 75 Va. 475, in considering a bill, points out as a defect that "so far from calling for a discovery from the appellee, it avers that the appellant desires none, and that he can prove that the bond was executed for a usurious consideration." So does the bill, in effect, in this case. It contains no averment that the plaintiff is without evidence to prove the usury, or is under any kind of need of discovery; but says that "should this court give him the opportunity to do so, he will show where the same shall (should) have been purged of the usury." The necessity of discovery should be stated.

Such may not have been the understanding in Virginia. But an examination of the cases will not, I venture to say, show pointed, decisive cases to the reverse. Some expressions so indicate. In those cases we do not see for certainty whether or not the bills contained averments such as the construction by the federal supreme court demands. *Fox* v. *Taliaferro*, 4 Munf. 343, looks that way; but it is not clear

and the statute was not discussed. *Rankin* v. *Rankin*, 1 Grat. 153, admits such defence by answer against a judg-ment. It was not a bill. The statute was not discussed. In *Brown* v. *Toell*, 5 Rand. 543, the opinion assumes that a debtor, even after judgment, may go into equity; but that is *obiter* opinion, as the case only decides that the bill was bad for relief. That is the decision. So with *Bloss* v. *Hull*, 27 W. Va. 503. *Martin* v. *Hall*, 9 Grat. 8, does not consider the statute. It may be said to assume jurisdiction, but that is not the point of decision. *Ruffin* v. *Bank*, 90 Va. 708, was not a case of judgment, but to enjoin action at law for usury. And it seems to have been a proper bill of discovery. In *Greer* v. *Hale*, 95 Va. 533, 64 Am St. R., 814, the opinion says, that if it were an original proposition it would be questionable whether a defendant who has had ample opportunity to make his defence at law, should even in a chancery suit to enforce the judgment make the defence of usury; but it states that it was settled in Virginia, citing *Young* v. *Scott*, 4 Rand. 418, and *Bank* v. *Fugate*, 93 Va. 821. The Young case was one in which the bill called for discovery under oath. It did not allege that the plaintiff had no evidence to prove usury, but it was a bill of discovery. It does not decide that a bill not for discovery could be sustained. *Bank* v. *Fugate* was a bill for discovery. The Greer case says equity will relieve against a judgment by *default*. What is the difference between the case where one has appeared and defended on usury, and that where he has not appeared? The general law makes no such distinction. 29 Am. & Eng. Ency L. (2d Ed.) 558. If you say that section 7 gives equity jurisdiction in every case, the debtor would have choice of courts; but I do not think the section means that. *Davis* v. *Deming*, 12 W. Va. 246, was not the case of a judgment. *Hope* v. *Smith*, 10 Grat. 221, holds the judgment final; but I cannot cite it to my support, since the judgment was offered as a set-off in a law action, and the case is not one of equity jurisdiction. *Snyder* v. *Construction Co.*, 52 W. Va. 655, holds that where a decree has gone, a party cannot afterwards plead usury. So in *Barbour, Stedman & Herod* v. *Tompkins*, 3 L. R. A. N-S. 715. But as to those cases it will

be said the party was already in the equity court, and should have made his defence.

My point is, that the decision in the Virginias do not discuss this statute, and hold that in every case, whether discovery is or is not needed, or whether the debtor has or has not evidence to sustain his defence, he can go into equity for relief against a judgment. The suggestion has been made that in no case whatever can equity relieve against a judgment for usury; that the statute does not apply in such case. I cannot join in this. A debtor without evidence can hardly be said to have had a day in court, and in such case I think the statute allows him to file a proper bill for discovery and relief.

The injunction was dissolved on labor day, and this is claimed to be error. I know of no non-judicial day except Sunday. True, Labor Day is a legal holiday for certain purposes; but it is not so so as to make a decree rendered on it void. It does not stand higher than the 4th of July, and legal proceedings on that day are not void or erroneous for that cause. *Horn* v. *Perry*, 11 W. Va. 694. Process may be lawfully served on a legal holiday, except Sunday. 19 Ency. Pl. & Prac. 601. Judgment cannot be rendered on Sunday, but may be on other legal holidays. 1 Black on Judgments, section 182; Freeman on Judgments, section 138. Doubtless under our statute, Anno. Code of 1906, section 504, a notice or summons returnable on a holiday could be acted on the next secular day; but if acted on that day, the action would not be void.

We see no error in the dissolution of the injunction. The bill is not good for it. It is not error to dissolve an injunction when the bill is barren of equity. *Null* v. *Elliott*, 52 W. Va. 229. But the judge in vacation went further and dismissed the bill. This he could not do. *Gilmer* v. *Baker*, 22 W. Va. 72.

We decide to affirm so much of the decree as dissolves the injunction, and reverse so much as dismisses the bill, and to send the case to the circuit court of Monroe county for such further proper proceedings thereon as the plaintiff may be advised to take.

*Reversed in part. Affirmed in part.*

LOGAN v. BALLARD.

ON PETITION FOR RE-HEARING.

POFFENBARGER, JUDGE:

I was absent at the time of the decision of this case, but present when the petition for re-hearing was acted upon, and insisted without avail, that its prayer be granted. For reasons which it would be useless, gratuitous and probably officious to state, under the circumstances, I think the decision is wrong and the principles announced contrary to authorities binding upon this Court, as well as subversive of the statute against usury. It raises a bulwark for the usurer behind which he can plant himself and defy the will of the people as expressed by the legislature. It tells him neither bonds, mortgages, deed of trust nor actual collection of usury will secure to him the benefit of his illegal contract, but that he may irrevocably bind the borrower by a judgment, which he can obtain as easily as any other form of security. I say this much to the end that my position may not be misunderstood, should I have occasion in the future to question the soundness of this decision.

MCWHORTER, JUDGE:

Concurs in the foregoing note of Judge Poffenbarger and therefore favors a re-hearing of the case.