JOHN McGIBSON *v.* J. L. LOONEY

(No. 7170)

Submitted February 16, 1932.   Decided February 23, 1932.

*Thomas P. Ryan*, for appellant.
*Grover F. Hedges* and *Harper & Baker*, for appellee.

LIVELY, JUDGE:

A preliminary injunction awarded plaintiff was dissolved by order of June 6, 1931, and plaintiff prosecutes this appeal from that order.

Defendant Looney instituted suit at law against plaintiff McGibson by notice of motion for judgment on a note for $500.00, with interest, in which notice McGibson was advised that judgment would be asked for on May 18, 1931, at a regular term of court. McGibson presented his bill to the circuit court on May 20, 1931, praying for an injunction against Looney to restrain him from prosecuting his suit at law on the note, charging that there is usury therein, and praying that the usury be ascertained and the loan represented by the

note be purged of the usury, and for general relief. The bill charges in substance that about fifteen years ago McGibson borrowed from Looney $500.00 and gave him a note therefor with 8% interest until paid; that when the note became due he paid the interest and executed a new note for the same amount and interest, and each year thereafter he paid up the interest and gave a new note of like tenor with the first; that the old notes which were renewed were always kept by defendant who also kept an account showing the various amounts paid and the dates on which paid, and that the note sued on, dated September 14, 1929, due and payable one year from date, is the last note given for said loan, and that he is entitled to have credit thereon for all the usury heretofore paid; that he does not have the dates of the notes, or when he made payments, but is informed and believes that defendant has such data and asks that he be compelled to answer and disclose under oath the usurious sum paid to him; and the bill avers that he cannot obtain a fair trial in the law suit because of lack of information as to the amount of usury he has been compelled to pay. On this bill, an injunction as prayed for was awarded. On June 6, 1931, Looney appeared by counsel, demurred to the bill and moved dissolution of the injunction, and the injunction was dissolved. This appeal followed.

Although there is an inherent power in courts of equity to relieve against usury, usury is a proper defense in an action at law (Code 1931, 47-6-7), so that when a court of equity and of law have concurrent jurisdiction, that court whose jurisdiction first attaches will retain the controversy and it cannot be removed to the other solely upon the ground that it too has jurisdiction. Judge Poffenbarger in *Prewett v. Bank,* 66 W. Va. 184, 66 S. E. 231, stated: "In order to remove the case from the law side to the equity side of the court it was incumbent upon him to establish some other ground of equity jurisdiction, a case beyond the reach of the remedial processes of the law courts." Plaintiff bases his right to maintain this suit upon 47-6-8, Code 1931. Our statute is a duplicate of the Virginia statute passed in 1796

and construed in *Brown* v. *Swann,* 10 Peters 479 (approved in *Logan* v. *Ballard,* 61 W. Va. 526, 57 S. E. 143), wherein it is stated: ''In other words, it is a bill (under this statute) to discover facts which cannot be proved according to the existing forms of procedure at law. The jurisdiction of a court of equity * * * rests upon the inability of the courts of common law to obtain, or to compel such testimony to be given. It has no other foundation: and whenever a discovery of this kind is sought in equity if it shall appear that the same facts could be obtained by the processes of the courts of common law, it is an abuse of the powers of chancery to interfere.'' Tested by these principles, we do not perceive error in the lower court's dissolution of the temporary injunction. The bill seems not only to prohibit further procedure of the law action, but prays that the note sued on be purged of its usurious character. In effect, it is to obtain evidence and to have relief in chancery. The design is to transfer the suit from law to equity under the guise of discovery. The notice of motion exhibited with plaintiff's bill shows that the note sued on was dated September 14, 1929; and the plaintiff's bill avers that the necessary information ''as he is informed and believes'' may be obtained from defendant. Such evidence, if any there is, can be secured in the law action by a subpoena *duces tecum* (57-5-3, Code 1931); hence the determination of usurious interest was merely a matter of mathematical calculation, the certainty of which could be no better assured in a court of equity than in law. The bill, as we see it, sought to invoke the aid of chancery not for the purpose of supplementing the processes of the law forum, but to do that which could have been done therein.

The judgment of the lower court will be affirmed.

*Affirmed.*