## WILLIAM WEATHERS v. STATE.

No. A-5574.   Opinion Filed Nov. 20, 1926.
(250 Pac. 805.)

See, also, 29 Okla. Cr. 405, 234 P. 219.

W. L. Chapman and Joe M. Adams, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

DOYLE, J. The plaintiff in error was charged with having killed and murdered one Dave Hudson, on August 12, 1924. On his trial he was found guilty of manslaughter in the first degree and his punishment assessed at imprisonment in the penitentiary for the term of 4 years. From the judgment rendered in pursuance of the verdict he appeals.

The first assignment argued in the brief is that the information does not state facts sufficient to constitute a public offense. The information correctly charges the crime of murder, except that a mistake was made in writing the name "William Weathers" in one place where it was obviously intended to have written the name of "Dave Hudson". Upon the record we think the mistake was either corrected or waived by the defendant.

The record shows that a general demurrer was filed and, without being presented, overruled, then the defendant waived the reading of the information and pleaded not guilty. In the instructions given, to which no objection was made or exception reserved, this mistake does not occur. In the motion for new trial the question of the sufficiency of the information was not raised and no motion in arrest of judgment was filed. The information being sufficient in all other respects,

we are unable to see how the substantial rights of the defendant were affected by such mistake.

Our Code provides (section 2564, C. S. 1921):

"No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

Section 2934 provides:

"Neither a departure from the form or mode prescribed in this chapter in respect to any pleadings or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant or tended to his prejudice, in respect to a substantial right."

An examination of the record leaves no reasonable question in our minds as to the sufficiency of the information to sustain the verdict and judgment of conviction. It was the theory of the state on the trial below that the homicide was a lying in wait assassination.

The evidence shows that the defendant's wife is a sister of Dave Hudson, the deceased, and of Laud Hudson and Ollie Hudson. It appears that on the day of the killing the defendant and the three Hudson boys and five or six others met in the neighborhood in which they lived, near a ferry on the Canadian river, about nine miles northeast of Shawnee; that when the defendant came there he had a bottle of whisky, and insisted that Ollie Hudson take a drink. Ollie refused, and the defendant said, "You will drink or fight"; and Ollie refusing again, the defendant struck him. Dave Hudson, the deceased, an 18-year old boy, separated the combatants. After the difficulty the defend-

ant left, saying: "I will get my gun and be back in a few minutes." Shortly after the deceased and his brother Laud Hudson, passing along the road, met the defendant, who was standing inside the fence. Laud Hudson was carrying a gun at his side. The defendant said to Laud Hudson, "Drop that gun," Laud Hudson asked the defendant not to shoot and the defendant shot first one and then the other Hudson boys at close range with a shotgun, killing Dave Hudson and blinding and seriously wounding Laud Hudson. The defense was justifiable homicide in self-defense.

As a witness in his own behalf the defendant testified that after the fight at the ferry the deceased told him he had better go on home or he would kill him and he went over to his house; that, intending to go fishing, he took his shotgun along to kill a rabbit for bait, and did shoot a jack rabbit in the alfalfa field; that he then started on to the river, and, meeting the two Hembry girls, he started to go on home with them; that they had gone down the road about 50 yards when he saw the two Hudson boys coming, and the girls ran away; that as they came up he said, "Laud, stop and drop that gun," and Laud threw the gun around in front of him, and again he told him to drop that gun, and Laud started up with it, and he fired; that Dave Hudson was standing a little to the left of Laud and when he fired they both fell; that he heard their mother screaming, and he waved his hand at her and told her to see what she could do for the boys; then he returned to his home, a little more than a quarter of a mile from where the shooting occurred.

The only assignment urged in the brief is that the court erred in refusing to give the following requested instruction:

"You are further instructed that you are the ex-

clusive judges of the credibility of the witnesses and the weight to be given their evidence. If you should find or believe any witness in this case, either for the state or defendant, has knowingly testified falsely, to any fact, you may disregard his entire testimony.

"Refused. Hal Johnson, Judge."

The requested instruction was properly refused. Billingsley v. State, 4 Okla. Cr. 597, 113 P. 241.

There was no exception taken to the instructions given and no criticism made upon them in this court. They correctly and fully present the law of the case, and the defendant from all the record discloses had a fair trial.

It follows that the judgment should be and is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.