A. A. WATKINS v. STATE.

No. A-7716.  Opinion Filed Jan. 24, 1931.
(295 Pac. 417.)

H. A. Stanley, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiff in error was convicted in the county court of Carter county on a charge of unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $50 and imprisonment in the county jail for a period of 30 days.

Defendant contends, first, that the court erred in overruling his motion to quash the panel.

It appears from the record that the regular jury panel of 12 men was one man short, and the court directed Monroe Gunter, deputy sheriff and witness for the state, to summon an additional juror, and he thereupon called one J. W. Sumner. The defendant objected to the summoning of such juror by Gunter, and, when the objection was overruled, exercised one of his peremptory challenges, and the juror was excused. It does not appear from the record that the defendant exercised any other peremptory challenges nor that the jurors impaneled were not fair and impartial; nor does it appear from the record that the defendant suffered any material injury by the calling of this special juror by Gunter. After the jury was impaneled and sworn and the state had called its first witness, the defendant challenged the panel on account of the facts above stated.

A challenge to the panel must be taken before the jury is sworn, and must be in writing, specifying plainly and distinctly the facts constituting the ground of challenge. Section 2669, C. O. S. 1921; Beatty v. State, 5 Okla. Cr. 105, 113 Pac. 237.

The challenge to the panel not having been taken in the time and manner required by law, and it not appearing from the record that the defendant suffered any ma-

terial injury or prejudice by reason of the calling of the special juror by the deputy sheriff, Gunter, the court did not err in overruling the motion to quash the panel.

Defendant next contends that the court erred in admitting incompetent, irrelevant, and immaterial testimony.

The court permitted the state to show that the officer found the defendant, intoxicated, on the highway, and arrested him, and found a worm and still and some more equipment in his car after the arrest. This evidence was admissible as tending to connect the defendant with the liquor found on his farm and to establish his intent in the possession of the same.

No substantial errors appearing upon the record, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.