## S. A. MANESS v. STATE.

No. A-8289.   Feb. 26, 1932.
Rehearing Denied April 9, 1932.

(9 Pac. [2d] 968.)

Carlton & Akin, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the superior court of Potta-

watomie county of the crime of manslaughter in the first degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of eight years.

The evidence of the state was that deceased was lease superintendent for the Mid-Continent Oil Company; that defendant was a roustabout working for the same company on another lease; that defendant lost his job and was angry at deceased because he thought he was to blame; that defendant said he would "go there and stomp him"; that defendant obtained leave of absence on the evening of October 15th and on the morning of October 16th drove to the lease where deceased was working; that defendant got out of the car about fifty yards away and walked up to where deceased was standing, talking to another employee of the Mid-Continent; that neither deceased nor defendant said anything; that defendant immediately struck deceased a blow in the face, knocking him down; that he struck him two or three times with his fist and kicked him three or four times in the side and back, and then took deceased by the collar and raised him up to his knees and struck him another blow in the face; that as defendant left he said he had been working for the company for four years and he had been fired over a ball game; that deceased was taken to the hospital, where he died a short time later; that a post-mortem was held, and that deceased's nose was broken flat, his face bruised, three ribs broken and the spleen ruptured as a result of the kicks in the side; that death was caused by the ruptured spleen; that defendant was arrested the next morning and made a statement to the officers and the county attorney in which he said deceased said nothing to him; that he hit him immediately, and that he did not give deceased a chance to hit him or do anything; that he went up there to beat and stomp hell out of him and done a good job.

Defendant, testifying for himself, said that deceased was in the habit of carrying a gun and had threatened him with it; that, when he went up to where deceased was, deceased said, "You bastard, what do you want?" and put up his hands, and that he immediately hit him and knocked him down; that he fell on his hands and knees, and that as he started to get up he said he would kill defendant; that defendant was afraid he had a gun, and attempted to kick his arm to keep him from getting the gun, and denied that he made the statements to the officers and the county attorney or to anybody else that were testified to by the state.

Defendant contends first that the court erred in permitting the state to amend the information after the case was called for trial.

It appears from the record that the original information charged as follows:

"The above named S. A. Maness then and there being did then and there unlawfully, knowingly, willfully, feloniously, intentionally and wrongfully, and with premeditated design to effect the death of one J. L. Linville, strike and beat the said J. L. Linville upon the head and body of the said J. L. Linville, with a blunt instrument, the exact description of which is unknown, said instrument being then and there had and held in the hand of him, the said J. L. Linville, then and there and thereby inflicting upon the body of him, the said J. L. Linville, one mortal wound, of which mortal wound the said J. L. Linville did then and there linger and die. * * *"

When the case was called for trial, the state discovered that said unknown instrument was said to be held in the hand of J. L. Linville, instead of the hand of S. A. Maness.

On proper motion, the court permitted the state to

strike out the name J. L. Linville and insert the name S. A. Maness. Defendant contends that this is an amendment in substance, which the court had no right to permit.

In Weathers v. State, 35 Okla. Cr. 292, 250 Pac. 805, this court had under consideration this precise question, and there said:

"Where an information is sufficient in all other respects, a mere clerical error or mistake in the use of a name does not render the information invalid, unless it has actually prejudiced the defendant or tended to his prejudice in respect to a substantial right."

In the body of the opinion, this court says:

"The first assignment argued in the brief is that the information does not state facts sufficient to constitute a public offense. The information correctly charges the crime of murder, except that a mistake was made in writing the name 'William Weathers' in one place where it was obviously intended to have written the name of 'Dave Hudson.' "

Defendant next contends that the trial court erred in overruling his application for a continuance upon the amendment being permitted.

Defendant's counsel dictated into the record an unverified motion to continue the case.

Section 2512, C. O. S. 1921, provides:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

This application for continuance, not being verified, was insufficient. It was not error, therefore, for the trial court to overrule the same.

Defendant next contends that the court erred in refusing to give requested instruction on manslaughter in the second degree.

There being no evidence in the record tending to establish this degree of the offense, the requested instruction was properly refused.

Defendant next contends that the court erred in excluding testimony offered by the defendant.

The court permitted defendant to testify that deceased was in the habit of carrying a pistol, and that defendant had seen this pistol on several occasions and deceased had threatened defendant with the same. Upon objection of the state, the court refused to permit Wiley Gwinn, a witness for defendant, to testify that deceased was in the habit of carrying a gun, and did permit the state to show, by deceased's wife, that he did not own a gun and was not in the habit of carrying one, but refused to permit the state to show by other witnesses that deceased was not in the habit of carrying a gun. In other words, the court permitted the defendant to testify that deceased was in the habit of carrying a gun and permitted the wife of deceased to testify to the contrary, but refused to permit other witnesses for either side to testify upon the question. We do not understand the theory on which the court excluded this testimony. It seems to us that a casual consideration of the rules of evidence by the court would have caused him to admit this evidence. It was clearly competent.

It was error for the court to exclude the testimony

of the witness, Gwinn, but it is not every error that requires a reversal of the case.

Section 2822, C. O. S. 1921.

The uncontradicted evidence of all the witnesses, including the defendant, is that they saw no gun on or about the deceased, and that none was found upon his person after the assault.

When an error of this character is committed, this court will examine the whole record, and where it clearly appears from the evidence that the defendant is guilty, the cause will not be reversed for such error.

Defendant complains of other errors, but they are all without substantial merit.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.