## CHARLEY DUMAS v. STATE.

No. A-8575. Aug. 11, 1933.
(24 Pac. [2d] 359.)

44

Denver N. Davison, E. Moore, and Dennis H. Petty, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Coal county of rape in the first degree and his punishment fixed at death.   The information was filed September 14, 1932, on which date defendant was arraigned in the district court, entered a plea of guilty, and was sentenced to death.   From this judgment appeal was taken to this court and the judgment was reversed.   54 Okla. Cr. 207, 16 Pac. (2d) 886.   Defendant then entered a plea of not guilty and trial had, which resulted in the judgment from which this appeal is taken.

The evidence discloses that defendant, a negro, at the time charged by force and in a most brutal manner, assaulted, seriously injured, and ravished a young white girl sixteen years of age.   We deem it unnecessary to make a more extended statement of the facts.

The first contention made is that the court erred in overruling defendant's motion to quash the jury panel.

The motion was made orally just before the jury was impaneled, and is:

"By Mr. Moore, of counsel for defendant: Comes now, the defendant, Charley Dumas, and objects to going to trial with the jury for the reason that the entire panel has not been drawn from the jury box, as provided by law, and for the further reason that if it is shown that the jury was drawn, the names drawn from the jury box, that at the same time they were notified to be present for jury service they were also informed by letter that there were no funds with which to pay them, and if they served as jurors at this time, or this term of the court, such service would be without compensation; that of the names drawn from the jury box that only a small per cent. of those gentlemen are present for jury service, and those who are here appear voluntarily without pay. We offer this copy of a letter in evidence as being one that was sent out when the jury was drawn and notified to be present for jury service."

Sections 2980-2982, Okla. Stat. 1931, are the applicable statutes. This court has frequently held the motion to quash must be in writing, setting out clearly the facts constituting the ground of challenge. Wilson v. State, 17 Okla. Cr. 47, 183 Pac. 613; Watkins v. State, 49 Okla. Cr. 443, 295 Pac. 417. It does not appear from the oral motion that the jurors were not summoned as provided by statute. The complaint is stressed that the letter by the district judge, which accompanied the summons, constitutes error. This letter is in general terms, it has no reference to any particular case, but states to the prospective jurors that the county is without funds and if the jurors serve it must be without pay, and leaves the matter of service to the juror's option. We fail to see how it could affect the qualifications of the juror. If this procedure is claimed prejudicial, this should have been shown on voir dire, followed by a challenge to the individual juror. The

law was substantially followed. Section 808, Okla. Stat. 1931; Wadsworth v. State, 9 Okla. Cr. 84, 130 Pac. 808; Weathers v. State, 35 Okla. Cr. 292, 250 Pac. 805.

Next is argued the court erred in admitting in evidence the confession of defendant. Defendant insists there was no showing of the voluntary character of the confession. Defendant testified, and either denied the statement attributed to him or claimed the statements were made by reason of threats or promises and were not voluntary and that a statement made to a deputy warden at the penitentiary was under a promise of the deputy warden that if he would tell the truth he would stay with him and see he did not get over twenty-five years. A confession to be admissible must be voluntary; and if made under a promise of benefit or threat of harm by one having him in custody or one having authority over him, it is deemed involuntary. The admissibility of a confession, in the first instance, is a question for the court. Its admissibility is to be determined preliminary to allowing it to go to the jury. It is settled by many authorities that the burden is on a defendant to show a confession was procured by such means or under such circumstances as to render it involuntary. In the absence of any such showing by the evidence for the state or for the defendant, it is deemed voluntary. The claim of defendant that his confession was made under promise or threats was refuted by the officers connected with his custody and incarceration. In case of conflict as to the voluntary character of a confession the ruling of the court admitting the evidence is not error. The question of the admissibility of a confession was analyzed and discussed at length, and numerous authorities cited in Mays v. State, 19 Okla. Cr. 102, 197 Pac. 1064.

In this connection it is urged the confession was not competent for the reason it contained the admission of a prior conviction of defendant, citing 16 C. J. pp. 583, 586, 608, 638.

Since defendant was a member of a crew of convicts from the state penitentiary, doing work at a prison highway camp and later in his own behalf took the stand and admitted he had twice been convicted of violations prior to the trial in the instant case, the evidence of prior convictions was without prejudice. Teague v. State, 13 Okla. Cr. 270, 163 Pac. 954; Pate v. State, 15 Okla. Cr. 90, 175 Pac. 122. No objection to this testimony was made at the time it was offered.

It is further argued that there was error in admitting the testimony of the physician who attended the injured girl, as stating a conclusion. The physician testified of making the examination, and in substance testified that the private organs of the witness had been penetrated. He did not testify as to the manner of the penetration. This was testified to only by the prosecuting witness herself. No objection was made to the testimony of this witness at the time, and it was repeated and particularly brought out on cross-examination by defendant's counsel. It is also argued that permitting the prosecuting witness to testify she identified defendant by his voice, without first showing that she was familiar with his voice, is error. The witness testified she identified defendant by his voice, his appearance, and that he had a mark where she bit him in response when she saw him the next morning. This evidence also was admitted without objection. If there was any error in its admission it was inconsequential.

Complaint is also made that the regular district judge took part in the prosecution. So far as the record, or any

claim made, shows, the only connection of the regular judge with the case was that he was called as a witness as to the voluntary character of the confession made by defendant. No objection to his testimony was made, but at the conclusion a motion to strike the testimony was interposed for the reason that former proceedings were taken by the reporter and were a matter of record. The voluntary character of this confession was challenged, and the state was not to be precluded from showing that the statement of defendant was voluntarily made. This court is thoroughly committed to the rule that a judge will not be permitted to take part in the prosecution of a defendant and it is materially prejudicial to permit him to do so. Lilly v. State, 7 Okla. Cr. 284, 123 Pac. 575, Ann. Cas. 1914B, 443; Roddie v. State, 19 Okla. Cr. 63, 198 Pac. 342; Knight v. State, 49 Okla. Cr. 123, 295 Pac. 409. The record itself, however, does not show a participation in the prosecution by the regular district judge.

Several other assignments of error are argued to some extent in the briefs, and while not discussed, none have been overlooked, and all have had the consideration of the court.

Upon the consideration of the entire case, we have no doubt of the guilt of defendant, and that he had a fair and impartial trial; that the death penalty is fully justified under the evidence.

The case is affirmed.

The original time for the execution having passed, owing to the pendency of this appeal, it is considered, ordered, and adjudged by this court that the judgment and sentence of the district court of Coal county be carried

out by electrocution of the defendant on the 20th day of October, 1933.

DAVENPORT and CHAPPELL, JJ., concur.