Bobby Collins PRESNELL, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant In Error.

No. A–12346.

Criminal Court of Appeals of Oklahoma.

Jan. 2, 1957.

Jack B. Sellers, Drumright, Joe A. Moore, Sapulpa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Bobby Collins Presnell was charged by information filed in the county court of Payne County with the offense of public intoxication, was tried before a jury, found guilty but the jury being unable to agree upon the penalty, left that to the court, who fixed punishment at a fine of $50. In fixing punishment the court had before it the stipulation that defendant had previously entered a plea of guilty to two misdemeanors.

There is no contention that the evidence was not sufficient to support the verdict. The Highway Patrol officers stopped the car in which the defendant and a girl friend were riding in the back seat. Defendant was thereafter arrested and taken to the Cushing police station.

 For reversal it is urged that the jury sworn to try the case was not selected and empaneled as provided by law.

The record developed that on January 9, 1955, panels of jurors had been regularly drawn for the trial of cases in the district and county courts of Payne County during the ensuing six months. However, in addition to the regular panels for cases in the county court, a separate and distinct panel had been drawn designated for the trial of mental health matters. We find nothing in the statute authorizing or prescribing such procedure. This action was clearly irregular.

The record further discloses that for the trial of this and other cases set for trial during the regular two weeks term, a panel of 40 names had been regularly drawn, but that when said panel was called and exemptions had been granted and excuses accepted, only about 12 names were left. What to do! Thereupon the court directed the court clerk to draw 10 names from the so-called "mental health panel" in order to get a sufficient number of jurors for the trial of the cases on the docket. These names were drawn and placed in the box containing the names left out of the regular panel. Does this irregularity constitute sufficient grounds to cause a reversal of the within case?

We note in the within case that the accused had entered his plea of not guilty on December 22, 1955. When the case was called for trial the defendant announced ready, but then stated that "Prior to trial, counsel desires to make a motion that the court quash the jury panel"; and thereupon stated the grounds therefor. At the conclusion of the hearing, the county attorney offered to agree to a continuance if the defendant so desired, but in response to the court's inquiry as to whether the defendant desired a continuance, defendant's counsel stated: "We are ready for trial", whereupon the court overruled the motion to quash.

In Taylor v. State, 95 Okl.Cr. 98, 240 P.2d 803, 809, this court, in an application that is of interest, quoted from the statutes as follows:

Tit. 38 O.S.A. § 29, in part provides:

" '* * * A substantial compliance with the provisions of this chapter [§§ 18–32 of this Title], shall be sufficient to prevent the setting aside of any verdict rendered by a jury chosen hereunder, unless the irregularity in drawing, and summoning or empaneling the same, resulted in depriving a party litigant of some substantial right; provided, however, that such irregularity must be specifically presented to the court at or before the time the jury is sworn to try the cause.' "

And in this connection 22 O.S.1951 § 633, which has not been repealed, provides in part:

"A challenge to the panel can be founded only on a material departure from the forms prescribed by law, in respect to the drawing and return of the jury, * * * *from which the defendant has suffered material prejudice*." (Emphasis supplied.)

This court has also held under 22 O.S. 1951 § 634, that a challenge to the panel must be taken before the jury is sworn, and must be in writing, specifying plainly and distinctly the facts constituting the grounds of challenge. See Dumas v. State, 55 Okl.Cr. 43, 24 P.2d .359; Powell v. State, 60 Okl.Cr. 267, 63 P.2d 113; Watkins v. State, 49 Okl.Cr. 443, 295 P. 417.

In the Powell case, just cited, the court cites the Dumas and Watkins cases, as well as the earlier case of Wilson v. State, 17 Okl.Cr. 47, 183 P. 613. These cases support the principles of law that we have recited above. However, in the Powell case [60 Okl.Cr. 267, 63 P.2d 117] the court

cited State v. Banner, 149 N.C. 519, 63 S.E. 84, quoted as holding: "'A challenge to the array after plea of not guilty is too late'", and based thereon said in paragraph four of the syllabus: "A challenge to the panel of jurors after a plea of not guilty is too late." We consider this, as has been pointed out by counsel for the defendant, as inadvertently made. It is not in accord with 38 O.S.A. § 29, heretofore quoted, and is hereby expressly overruled. This challenge was in time. However, we conclude that the challenge to the panel in the within case was not taken in the manner required by law in that it was not in writing, charging a material departure from the forms prescribed by law, and nothing appearing in the record indicating that the defendant suffered any material injury or prejudice by reason of the use of jurors from the panel of so-called "mental health jurors", selected as heretofore detailed, the court did not err in overruling the motion to quash the panel.

It is argued that the arrest of the defendant was illegal at the time he was taken into custody in that he was sitting in the back seat of the automobile that had been stopped; that the officers could not have smelled his breath and alcohol at that time; that defendant was quiet and orderly and that the only reason that he was arrested was because the officers saw lipstick on his face.

The record shows that the motor vehicle in which the defendant and a girl friend were riding in the back seat was being driven by one Bobby Robinson, of Drumright. Officer Tom E. Hall of the Oklahoma Highway Patrol testified that he caused the Pontiac automobile being driven by Robinson to be stopped. What charge was filed against Robinson, if any, or why the car was stopped, is not disclosed. But the evidence does show that the occupants were taken to the police station at Cushing. There is no contention supported by evidence in the record to indicate that the officers were not justified in stopping the car in question. We must presume under the circumstances of the record that the officers were justified in overhauling the driver of the Pontiac and causing him to stop his car. As an incident to such action the officers took the defendant into custody at the point where the Pontiac was stopped, two miles east of Cushing. One of the officers drove the Pontiac to Cushing. We must also assume that they were justified in doing this, there being no evidence to the contrary.

No search was involved so far as the record discloses, though if the officers were justified in stopping the Robinson car, as we must and have assumed, they were justified in searching it as an incident to the arrest of the occupants, shown to have been made. Keith v. State, 30 Okl.Cr. 168, 172, 235 P. 631. An arrest was made because the occupants were taken into custody. And there was ample evidence on behalf of the State to show that the defendant was intoxicated.

The record discloses that the defendant did not testify, which of course was his privilege. By statutory provision this could not be and was not mentioned by the county attorney, but there is no way to prevent the jury from pondering over the fact, and this court may state what the record shows. Defendant simply sought to show by one of his attorneys that after his arrest and at about 11 P.M., the evening of December 21, 1955, when the defendant telephoned him that witness could not discover from the telephone conversation with defendant any indication of anything irrational or any evidence that defendant might be intoxicated. Also it was developed that after such conversation defendant asked for a test for intoxication, which was not given him. All these matters were circumstances that the jury no doubt weighed and took into consideration. They held against defendant.

There is nothing to support the contention of defendant that his arrest was illegal. The case of Saltsman v. State, 95 Okl.Cr. 228, 243 P.2d 737, urged by defendant, by reason of the factual difference is absolutely not in point. However, as stated in Hoskins v. State, Okl.Cr., 286 P.2d 293; McGilvery v. State, 50 Okl.Cr. 376, 298 P. 312,

and Keeler v. State, 24 Okl.Cr. 206, 217 P. 228, where a defendant pleads to the merits of criminal action, he waives all objections to the illegality of his arrest.

It is finally claimed that defendant was prejudiced by the court permitting the county attorney of Payne County to introduce and refer to testimony to the effect that defendant's face was smeared with lipstick at the time he was first observed by the arresting officers. We note that the court cautioned the jury that the only purpose of permitting evidence of the personal appearance of the defendant at the time he was taken into custody was for them to determine whether or not the officers were justified in their conclusion that defendant was intoxicated, so that the evidence of lipstick and disheveled appearance, and trousers damp from spilled beer, etc., was for the limited purpose mentioned to the jury. We find no error.

The judgment appealed from is affirmed.

JONES, P. J., and BRETT, J., concur.