# CHARLESTON.

## SHEPHARD *v.* WHEELING.

Submitted September 12th, 1887.—Decided November 19th, 1887.

1. CONSTRUCTION OF STATUTES—PROVINCE OF THE COURT AND LEGISLATURE.

   It is the province of courts to decide what the law is, and determine its application to particular facts in the decision of causes; the province of the Legislature is to declare what the law shall be in the future. (p. 482.)

2. CONSTRUCTION OF STATUTES—COURTS.

   The courts of this State can not be empowered by the Legislature to pass upon the constitutionality or validity of a legislative act or city ordinance as a general and abstract question; the question must be whether the act or ordinance furnishes the rule to govern the particular case before the court. (pp. 482–3.)

3. CONSTRUCTION OF STATUTES—REPEAL—LEGISLATIVE AND JUDICIAL POWER.

The power to revoke or annul a statute or ordinance is equivalent to the power to repeal it; and in either case the power is legislative, and not judicial, in its character. (p. 483.)

4. CONSTRUCTION OF STATUTES—CIRCUIT COURT—CITY ORDINANCES.

Acts W. Va. 1875, ch. 72, so far as it attempts to confer upon the Circuit Courts the power to "supersede, revoke, or annul" an ordinance of a city upon the petition of 10 tax-payers residing in said city, is unconstitutional, for the reason that such power is legislative, and therefore forbidden to be exercised by courts in this State. (p. 487.)

*G. B. Caldwell, D. O'Keefe* and *H. M. Russel* for plaintiff in error.

*Ewing, Melvin & Riley* for defendant in error.

SNYDER, JUDGE :

J. B. Shepherd and 11 others, residents and tax-payers of the city of Wheeling, on April 19th, 1886, filed their petition in the Circuit Court of Ohio county, alleging therein that the council of said city on January 16th, 1886, adopted an ordinance entitled "An ordinance in relation to the police and fire departments of the city of Wheeling, and the appointments, duties and compensation of the commissioners thereof;" that the said council subsequently, in pursuance, of said ordinance, elected four persons as commissioners of the police and fire departments of said city, who have duly qualified and are carrying out the provisions of said ordinance; that said ordinance was made contrary to law, and is invalid, for the reason that it confers illegal powers upon said commissioners, and upon other grounds specifically set forth in the petition, but which it is unnecessary to state here; and they pray that said ordinance, or at least those portions therein referred to, may be superseded, revoked, and annulled. Upon the filing of said petition the court made an order that the city of Wheeling and the four commissioners elected under said ordinance be summoned to answer said petition. After being summoned, the said city and commissioners appeared, and moved the court to dismiss the same, upon the ground that the statute under which the same was filed is unconstitutional and void; which motion being overruled, they de-

murred to the petition, and the demurrer being also over-
ruled, they filed their answer, to which the petitioners de-
murred; and upon the final hearing the court, by an order
entered on January 14th, 1887, held and decided that said
ordinance, so far as it relates to the police department, was
inoperative, and to that extent superseded, revoked and
annulled the same, but no further. The city and said four
commissioners then obtained this writ of error to said final
order.

The plaintiffs in error having moved to dismiss the petition
of the defendants in error, because the statute under which
it was filed is unconstitutional, the first question presented
here is: Did the Circuit Court err in overruling said motion?
The statute referred to is the act of December 22d, 1875,
(chapter 72, Acts 1875,) entitled "An act authorizing certain
laws and ordinances to be superseded and annulled." This
act, after providing that, upon the petition of 10 tax-payers
residing in any city, town, or village aggrieved by an unlaw-
ful or erroneous levy, the Circuit Court may supersede such
levy in the same manner that said court may now supersede
a levy made by a County Court, declares: "Upon like peti-
tion, any ordinance of a city, town, or village, made contrary
to law, the Circuit Court may supersede, revoke, and annul
the same." This act is assailed upon two grounds: *First*,
because its object is not fairly expressed in its title; and,
*second*, it attempts to vest in the Circuit Court legislative
powers. For the purpose of this writ of error it is unneces-
sary to pass upon the first ground. I shall therefore proceed
to consider the second.

The fifth article of our constitution expressly declares that
"the legislative, executive, and judicial departments shall
be separate and distinct, so that neither shall exercise the
powers properly belonging to either of the others." It nec-
essarily follows, then, from this positive constitutional inhi-
bition, that if this act, in any degree, requires the Circuit
Court to exercise legislative powers, it is to that extent void.
The constitution does not define what are legislative or what
are judicial powers; but what properly belongs to the one
and what to the other of these departments of the govern-
ment is to be determined by reference to the established law

as it existed at the time the constitution was framed. It is an elementary principle of universal application that the laws and ordinances of a city adopted by its council, within the scope of its authority, partake of the nature, and have the same effect within the corporate limits of the city, that the same laws could have if they had been enacted by the Legislature of the State in which the city is located. In the one case the Legislature exercises its legislative power directly, while in the other it does so indirectly, by delegating to the city a portion of its functions; but whether the power is exercised directly by the Legislature itself, or indirectly by the council of the city under a legislative grant, the result is the same, and in both instances the power exercised is legislative. The enactment of an ordinance by a city council, or the enactment of a statute by a Legislature, being in each case the exercise of legislative power, the repeal of such ordinance or statute must likewise be the exercise of legislative power. It does not require any precise definition of judicial power, or any nice discrimination as to its extent and limitations to determine that the act of repealing a statute is not the exercise of judicial power.

Without attempting to fix a line of distinction between legislative and judicial powers which will be accurate in all cases, there are certain acts and duties appertaining to each about which there can be no doubt or controversy. As is well said in *Ratcliffe* v. *Anderson*, it is "the province of courts to decide what the law is or has been, and to determine its application to particular facts in the decision of causes; the province of the Legislature is to declare what the law shall be in the future; and neither of these departments can lawfully invade the province of the other." 31 Gratt. 107. Courts determine what the rights of parties are in suits or controversies *inter partes* which come before them in the ordinary and proper course of judicial proceedings. In determining the rights of the parties to the suit, they incidentally determine the law; but the judicial function is as effectually performed by the court which expresses no formal opinion as by the court which in an opinion announces the reasons for its decision. "The general and ab-

stract question whether an act of the Legislature be constitutional cannot, with propriety, be presented to a court; the question must be whether the act furnishes the rule to govern the particular case." *Foster* v. *Commissioners, etc.,* 9 Ohio St. 540, 543.

When, in the course of determining the rights of the parties to a particular suit or controversy, the court finds it necessary to ascertain whether or not a statute is unconstitutional, the court must necessarily pass upon that question; but in doing so it does not annul or repeal the statute if it finds it in conflict with the Constitution. It simply refuses to recognize it, and determines the rights of the parties just as if such statute had no existence. The court may give its reasons for ignoring or disregarding the statute, but the decision affects the parties only, and there is no judgment against the statute. The opinion or reasons of the court may operate as a precedent for the determination of other similar cases, but it does not strike the statute from the statute-book; it does not repeal, " supersede, revoke, or annul " the statute. The parties to that suit are concluded by the judgment, but no one else is bound. A new litigant may bring a new suit, based upon the very same statute, and the former decision can not be pleaded as an estoppel, but can be relied on only as a precedent. This constitutes the reason and basis of the fundamental rule that a court will never pass upon the constitutionality of a statute unless it is absolutely necessary to do so in order to decide the cause before it. Cooley Const. Lim. 163. Judge Cooley says: " Nor will a court listen to an objection made to the constitutionality of an act by a party whose rights it does not affect, and who has therefore no interest in defeating it. On this ground it has been held that the objection that a legislative act was unconstitutional, because divesting the rights of remainder-men against their will could not be successfully urged by the owner of the particular estate, and could only be made on behalf of the remainder-men themselves. *Antoni* v. *Wright,* 22 Gratt. 857. And a party who has assented that his property may be taken under a statute cannot afterwards object that the statute is in violation of a provision in the Constitution de-

signed for the protection of private property. The statute is assumed to be valid until some one complains whose rights it invades." Cooley Const. Lim. 164.

In a very able opinion by Shaw, C. J., which is approved and in part quoted in the text of Cooley, that eminent judge says: "It may be well doubted whether a formal act of legislation can ever, with strict, legal propriety, be said to be void; it seems more consistent with the nature of the subject, and the principles applicable to analogous cases, to treat it as voidable. But whether or not a case can be imagined in which an act of the Legislature can be deemed absolutely void, we think it quite clear that when such act is alleged to be void, on the ground that it exceeds the just limits of legislative power, and thus injuriously affects the rights of others, it is deemed to be void only in respect to those particulars, and as against those persons whose rights are thus affected. *Prima facie*, and upon the face of the act itself, nothing will generally appear to show that the act is not valid; and it is only when some person attempts to resist its operation, and calls in the aid of the judicial power to pronounce it void as to him, his property, or his rights, that the objection of unconstitutionality can be presented and sustained. Respect for the Legislature, therefore, concurs with well-established principles of law in the conclusion that such act is not void, but voidable only; and it follows, as a necessary legal inference from this position, that this ground of avoidance can be taken advantage of by those only who have a right to question the validity of the act, and not by strangers. To this extent only is it necessary to go in order to secure and protect the rights of all persons against the unwarranted exercise of legislative powers; and to this extent only, therefore, are courts of justice called on to interpose." *Wellington* v. *Petitioners, etc.*, 16 Pick. 96.

The statute under consideration undertakes to confer upon the judiciary department the power to "supersede, revoke, and annul" any ordinance of a city or town, made contrary to law, upon the petition of 10 taxpayers residing in such city or town; and the defendants in error contend that this statute authorizes the Circuit Court to annul an

ordinance of a city upon the ground that it is in conflict with the organic law of such city. Their counsel in their brief say: "In this very case, one side is asking the court to pronounce a legislative enactment invalid; the other is doing the same with reference to a city ordinance. But the idea of legislation on the part of the court is not involved. Should the objection prevail in either case, the law or the ordinance is not repealed, but is simply held for naught. The words employed indicate no thought of transferring legislative functions. A legislative body repeals a law, and rescinds an order or resolution; while courts reverse, supersede, revoke, or annul, as the particular case may require." This is, I think, a very fair and clear statement of the exact point to be decided by the court, and, in my judgment, demonstrates the untenable position of the defendants in error. They say that a judgment in their favor will not repeal the city ordinance, but simply declare it naught. This is nothing more than calling the same thing by different names. If the ordinance is made naught for all purposes, the effect is precisely the same as if it were repealed. By either process it is made a nullity. The claim of the defendants in error requires them to maintain that the ordinance must be held naught by the court for all purposes, and not merely for the purposes of this proceeding; for, unless such is the case, no one will be bound by the judgment, except, perhaps, the petitioners,—certainly, no other resident of the city would be bound.

The counsel correctly claim that a legislative body repeals a law, and rescinds an order or resolution; but if they intend, by the words used in the brief, that "courts reverse, supersede, revoke, or annul" a statute or ordinance, then, they are plainly incorrect. A court may reverse, supersede or annul a judgment or decree; but it can neither revoke a judgment or decree after the term, nor reverse, supersede, revoke, or annul a statute or ordinance for any reason, under any circumstances, because to do so would be the exercise of legislative power, which is forbidden by the Constitution. But if the defendants in error do not claim that a court can reverse or annul a statute or ordinance, and thus render it void for all purposes, and as to all

persons, then they necessarily concede that a judgment rendered in their favor in this proceeding will leave the operation of the ordinance unimpeached, and in force as to all persons except themselves. The principles hereinbefore discussed clearly establish that such can be the only legitimate effect of such judgment. But this is plainly not what the defendants in error are contending for. They claim, and, in order to make this proceeding attain the object they seek, they must claim, that the effect of the judgment shall be to render naught said ordinance as to all persons and for all purposes; in other words, that the judgment shall operate a repeal of the ordinance. And they admit that the repeal of a statute or ordinance is the exercise of legislative power. The passing of an ordinance by a city, as, we have already shown, is as much the exercise of legislative power as is the enactment of a statute by a Legislature. The only difference is in the extent of the power, and not in its quality. The Legislature has a general power to pass any statute which the State Constitution does not forbid, while a city can only exercise such legislative power as it is authorized to do by its organic law; that is, its charter, and the statutes relating thereto. If either transcends its powers, the act is voidable, at the option of any party whose rights are effected by it, and will be so declared as to him by the courts in any suit or judicial proceeding by or against him, but to that extent only.

The petitioners do not allege any personal grievance or special injury to themselves or their rights. The only basis of their action is that they are residents and tax-payers of the city. Their proceeding is evidently intended to be on behalf of all the other residents and tax-payers of the city as well as themselves. It is not their purpose merely to have said ordinance declared void as to themselves only, but as to the city and all its inhabitants. This is clearly what the legislature intended, as is apparent from the terms of the act; and that this is what the defendants in error intended is manifest upon the face of the petition, as well as from the fact that they rely upon the cases of *Probasco* v. *Moundsville*, 11 W. Va. 501, and *Wells* v. *Board of Education*, 20 W. Va. 157, to sustain their proceeding. Those cases were

proceedings by certain tax-payers, on behalf of themselves and all other tax-payers in the district, to supersede tax levies, on the ground that the same were illegal. The object of the petitioners in each of those cases was to wholly supersede and annul the levy. The question of the jurisdiction of the court was not raised or discussed in either of those cases, but it was evidently conceded, upon the ground that the proceeding was simply a summary remedy, substituted by statute for the relief for which the parties would have otherwise had an undoubted right to resort to a court of equity. *Williams* v. *County Court*, 26 W. Va. 488. The proceeding here is very different from those cases. Here, the petitioners could not have resorted to a court of equity for the redress they claim. They seek to annul a law, and not to supersede a levy. The objects here and there are not analogous, but radically different. The object in those cases was to prevent the collection of an illegal tax; while here it is to reverse, revoke, and annul a law, or, what is the same thing, to repeal a city ordinance. The action there sought was judicial; while the purpose attempted here is purely legislative, and expressly forbidden by the constitution.

For the foregoing reasons, I am clearly of opinion that so much of chapter 72, Acts 1875, as attempts to confer upon Circuit Courts the power to " supersede, revoke, or annul " an ordinance of a city, is unconstitutional, because the power so attempted to be conferred upon said courts is legislative in its character. The Circuit Court of Ohio county therefore erred in overruling the motion to dismiss the petition of J. B. Shephard and others, and for that reason the judgment of said court must be reversed, and said petition dismissed, with costs.

REVERSED.