## J. M. BOWEN v. STATE.

No. A-562. Opinion Filed May 9, 1911.

(115 Pac. 376.)

CRIMINAL LAW—"Warrant of Arrest"—Validity—"Magistrate." The clerk of a county court has no power to issue a "warrant of arrest" for a defendant, based upon an information filed in said court; and, where a motion is made in apt time to set aside a warrant so issued, it should be sustained by the court.

(Syllabus by the Court.)

*Appeal from Oklahoma County Court; Sam Hooker, Judge.*

J. M. Bowen was convicted of a violation of the prohibitory law, and appeals. Reversed.

*E. G. McAdams,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, PRESIDING JUDGE. The warrant of arrest in this case was issued by O. B. Offutt, clerk of the county court of Oklahoma county. Upon being arraigned, the plaintiff in error moved the court to set aside the warrant of arrest and that he

be discharged, upon the ground that the warrant of arrest was not issued by the proper officer authorized by law to issue said warrant, and that the arrest of the defendant was therefore illegal, and that the court had no jurisdiction to hear and determine the case. This motion was by the court overruled, and the defendant reserved an exception.

Section 6575 of Snyder's Comp. Laws of Okla. 1909, is as follows:

"A magistrate is an officer having power to issue a warrant of arrest for a person charged with a public offense."

Article 7 of section 19 of the Constitution makes all judges of this state conservators of the peace, and thereby gives them power to issue warrants. Section 6577 of Snyder's Comp. Laws of Oklahoma. 1909, is as follows:

"When an information, verified by oath or affirmation, is laid before a magistrate, of the commission of a public offense, he must, if satisfied therefrom that the offense complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it, issue a warrant of arrest."

Section 6578 of Snyder's Comp. Laws of Okla. 1909, is as follows:

"A warrant of arrest is an order in writing, in the name of the state, signed by a magistrate, commanding the arrest of the defendant, and may be substantially in the following form: 'County of ———. The state of Oklahoma, to any sheriff, constable, marshal or policeman in this state (or in the county of ———, as the case may be) : Information upon oath having been this day laid before me that the crime of (designating it) has been committed, and accusing C. D., thereof, you are therefore commanded forthwith to arrest the above-named C. D. and bring him before me at (naming the place), or, in case of my absence or inability to act, before the nearest or most accessible magistrate in this county. Dated at ——— this ——— day of ———, 19—. E. F., Justice of the Peace (or as the case may be.)"

From these provisions of law, it is evident that in misdemeanor cases no person can issue a warrant of arrest, based upon an information, unless such person is a magistrate authorized by

law to issue such warrant, and that a warrant of arrest must be signed by the magistrate issuing the same. None of these provisions of law were complied with in this case. The warrant of arrest was therefore void, and did not give the court jurisdiction over the person of the appellant. The issuance of a warrant of arrest in misdemeanor cases is a judicial act. See *De Graff v. State*, 2 Okla. Cr. 519, 103 Pac. 538. It is true that a defendant may voluntarily come into court and waive the issuance of a warrant of arrest, or if the warrant has been improperly issued and the defendant does not object thereto, but voluntarily submits to the jurisdiction of the court, he cannot afterwards be heard to complain of the illegality of his arrest, and that the court had not acquired jurisdiction of his person. In this case there was no such waiver. Appellant preserved his rights by his motion to set aside the warrant. This motion should have been sustained, and the judge should then and there have issued a legal warrant for his arrest; but the judge did not take this course. He overruled the motion to set aside the warrant and held the defendant for trial. The defendant reserved his rights by exceptions, and by his motion for a new trial based upon this ground.

We have no discretion, except to hold that the court had not acquired jurisdiction of the person of the defendant, and that his trial was therefore illegal. This is the plain statute law of this state, and by it we are bound, whether we like it or not. To prevent any misapprehension, we will state that nothing herein said and the statutes herein quoted have no application to warrants issued out of the district or superior courts upon informations for felonies or indictments therein filed.

The judgment is reversed, and the cause remanded for a new trial.

ARMSTRONG and DOYLE, JUDGES, concur.