## W. F. BEASLEY v. STATE.

No. A-4584.   Opinion Filed April 2, 1924.
(224 Pac. 376.)

(Syllabus.)

**Arrest—Clerk of County Court Without Power to Issue Warrant of Arrest.** The clerk of a county court is without power to issue a warrant of arrest for a defendant based upon an information filed in such court in the absence of the county judge; and, where a motion is made in apt time to set aside the warrant so issued, it should be sustained.

Appeal from County Court, Carter County; M. F. Winfrey, Judge.

W. F. Beasley was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed and remanded.

H. A. Stanley, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of conviction rendered upon a verdict finding appellant guilty on a charge that he did have in his possession one-half gallon of whisky with unlawful intent to sell the same, and resulting sentence of 30 days' confinement in the county jail and a fine of $50.

The Attorney General has filed a confession of error which we adopt as the opinion of the court. It is as follows:

"The warrant of arrest upon the information filed appears to have been issued by the court clerk of Carter county, and when the case was called for trial plaintiff in error, through his attorney, filed proper motion to quash the warrant, which motion was by the court overruled. Plaintiff in error then objected to the introduction of any testimony, for the reason that proper jurisdiction had not been acquired by the

issuance and service of a proper warrant of arrest, which motion was also by the court overruled. This court has repeatedly held that the issuance of a warrant in a misdemeanor case was a judicial act, and could only be performed by the court or judge thereof. Bowen v. State, 5 Okla. Cr. 605, 115 Pac. 376; Bonham v. State, 6 Okla. Cr. 227, 118 Pac. 159; Fullingim v. State, 7 Okla. Cr. 333, 123 Pac. 558. Under the rule announced in the cases above cited, the plaintiff in error was not properly before the court, and no jurisdiction to hear and determine the matter presented had been acquired of the person of the plaintiff in error. We therefore respectfully suggest that this cause should be reversed."

Under the authority of the cases cited, the motion to quash should have been sustained, and the county judge should have then and there issued a legal warrant for his arrest.

The judgment of the lower court is therefore reversed, and the case remanded for proceedings consistent with this opinion.

MATSON, P. J., and BESSEY, J., concur.