## BILL BEARDEN v. STATE.

No. A-4941. Opinion Filed March 16, 1925.
(233 Pac. 1100.)

(Syllabus.)

Criminal Law—Clerk of County Court Without Power to Issue Warrant in Absence of County Judge. The clerk of a county court is without power to issue a warrant of arrest for a defendant based upon an information filed in such court in the absence of the county judge, and, where a motion is made in apt time to set aside the warrant so issued, it should be sustained.

Appeal from County Court, Carter County; M. F. Winfrey, Judge.

Bill Bearden was convicted of unlawful possession of intoxicating liquor, and he appeals. Reversed.

Bass & Hardy, for plaintiff in error.

George F. Short, Atty. Gen., N. W. Gore, Asst. Atty. Gen., and John L. Hodge, Co. Atty., for the State.

DOYLE, J. This appeal is from a judgment of conviction rendered upon a verdict finding appellant guilty on a charge that he did have in his possession intoxicating liquor with the unlawful intention to sell the same and resulting sentence of confinement in the county jail for 30 days and to pay a fine of $50.

The overruling of defendant's motion to quash and set aside the warrant, for the reason that the same was signed by the deputy court clerk, acting for the court clerk, is assigned as error.

It is agreed by counsel for the state that the confession of error filed by the Attorney General in the case of Beasley v. State, 26 Okla. Cr. 398, 224 P. 376, should be considered as a confession of error in this case.

In the Beasley Case it was held that the clerk of the county court is without power to issue a warrant for a defendant based upon an information filed in such court in the absence of the county judge, and, where a motion is made in apt time to set aside the warrant so issued it should be sustained—citing Bowen v. State, 5 Okla. Cr. 605, 115 P. 376; Bonham v. State, 6 Okla. Cr. 227, 118 P. 159; Fullingim v. State, 7 Okla. Cr. 333, 123 P. 558.

Under the authority of the cases cited, the motion to quash should have been sustained, and the county judge should have then and there issued a legal warrant for his arrest.

The judgment of the lower court is therefore reversed, and cause remanded for proceedings consistent with this opinion.

BESSEY, P. J., and EDWARDS, J., concur.