ED. McGILVERY v. STATE.

No. A-7839.   Opinion Filed April 18, 1931.
(298 Pac. 312.)

Sam S. Gill, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Ed. McGilvery, hereinafter called defendant, was convicted in the county court of Oklahoma county of the unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $50 and imprisonment in the county jail for a period of 30 days.

The defendant insists on all his assignments of error, but argues them under the proposition of law that: "The court was without jurisdiction to try the defendant because no lawful warrant had been issued for his arrest."

It appears from the record that an information was filed against the defendant on the 12th day of September, 1929, and a warrant issued thereon signed by Cliff Myers, court clerk. The record further shows that on the 12th day of September, 1929, the defendant was arraigned and entered a demurrer to the information, and as one of the grounds for such demurrer alleged that the warrant had not been drawn, signed, and filed as provided by law. The record further discloses that on the 12th day of September the defendant was released on bond. On said date the demurrer to the information was overruled. There is nothing in the record to show that the attention of the trial court was ever called to any motion to quash the warrant, or that any action on such a motion was demanded by the defendant.

This court has repeatedly held that the clerk of the county court (court clerk) is without authority to issue a warrant of arrest in a misdemeanor case, for the reason that such an act is a judicial one, and must be performed by the court or by a magistrate. Bowen v. State, 5 Okla. Cr. 605, 115 Pac. 376; Beasley v. State, 26 Okla. Cr. 398, 224 Pac. 376; Bearden v. State, 29 Okla. Cr. 398, 233 Pac. 1100.

The only purpose of issuing a warrant of arrest is to bring a defendant before the court. For a warrant to comply with the constitutional provisions, it must be supported by oath or affirmation. There is no contention but what the warrant in this case was supported by oath or affirmation. The only contention is that it was irregu-

larly issued, in that it was issued by the court clerk under the seal of court, instead of by the judge.

The decisions of courts are uniform to the effect that jurisdiction of the person may be waived and that it is waived whenever the defendant enters into a recognizance for his appearance or pleads to the merit of the action.

Whenever a defendant desires to question the jurisdiction of the court over his person, he must do so at the very first opportunity and in such manner as not to surrender to the court the jurisdiction of his person.

In Keeler v. State, 24 Okla. Cr. 206, 217 Pac. 228, this court said:

"Where the defendant pleads to the merits of a criminal action, he waives all objection to the illegality of his arrest."

A demurrer is one of the pleadings authorized by statute, and, when the defendant interposed his demurrer, he attacked the merits of the prosecution, and by so doing he entered a general appearance and waived jurisdiction over his person.

In the case of United States v. Yakutat & Southern Railway Company, 2 Alaska Rep. 628, the United States District Court for Alaska held:

"Defendant made a special appearance by attorneys, and denied the jurisdiction of the court, but also attacked the sufficiency of the indictment. Held that by attacking the sufficiency of the indictment, the appearance became general, and the defendant must plead."

It further appears from the record that the defendant entered into a recognizance on the 12th day of September, 1929. There is nothing in the record to indicate that the

defendant was enlarged on bond after the action of the court in overruling his demurrer. It must affirmatively appear from the record that the defendant objected to his arrest and moved to quash the warrant before he filed his demurrer and before being enlarged upon bond.

These facts not being disclosed by the record, the defendant's contention is without merit.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., concurs. EDWARDS, J., absent, not participating.