STATE *ex rel.* STALEY, *et al.*

*v.*

JOHN W. HEREFORD, JUDGE, *etc., et al.*

(No. 10021)

Submitted December 9, 1947. Decided December 16, 1947.

*Scherr, Meek & Vinson, J. B. Meek* and *Hogsett, St. Clair & McComas,* for relators.

No appearance for respondents.

HAYMOND, JUDGE:

In this original proceeding the petitioners, Herman Staley and Clarice White Staley, seek a writ from this Court to prohibit the defendants, Honorable John W. Hereford, Judge of the Circuit Court of Lincoln County, Maxine Midkiff, guardian of Ray Leonard Midkiff, an infant, and Ray Leonard Midkiff, from proceeding with the trial of an action at law now pending in that court in which Maxine Midkiff, guardian of Ray Leonard Midkiff, an infant, is plaintiff and the petitioners are defendants. Upon the filing of the petition, this Court issued a rule which was returnable on December 9, 1947. The defendants have entered no appearance in answer to the rule. On the day to which the rule was returnable, this proceeding was submitted for decision upon the petition and its exhibits and the brief of counsel for the petitioners.

The petition and its exhibits show these facts. On February 16, 1947, an automobile driven by Herman Staley and owned by Clarice White Staley struck and injured Ray Leonard Midkiff, an infant, on a public highway in Lincoln County, West Virginia. At the time of the accident, the Staleys, who are husband and wife, resided in Logan County. On August 20, 1947, Maxine Midkiff, guardian of Ray Leonard Midkiff, instituted in the Circuit Court of Lincoln County an action of trespass on the case against the Staleys to recover damages for injuries alleged to have been sustained by Ray Leonard Midkiff by reason of their negligence in the operation of the automobile on February 16, 1947. Process in the action was issued on August 20, 1947, returnable to October Rules, 1947, of the Circuit Court of Lincoln County, which process was executed in person upon the Staleys in that county on Sunday, August 24, 1947, while they were on a visit at the home of the parents of Mrs. Staley, who

reside in that county. At the time the process was served upon them the Staleys were residents of Huntington, in Cabell County, West Virginia.

The action was placed upon the docket of the Circuit Court of Lincoln County and set for trial at the current regular November term, 1947, of that court. On November 19, 1947, during that term of court, the Staleys appeared specially and moved to quash the summons and the return of service indorsed upon it, and attacked the validity of the return by plea in abatement, seasonably filed, in which the summons and the return were set forth in full. No demurrer was filed to the plea in abatement but a hearing was held upon the issue raised by the plea and the Staleys were subpoenaed and appeared and testified as witnesses at the instance of the plaintiff in the action. Their testimony, which was made a part of the record in that case by an order entered by the court, showed that they were served with process in Lincoln County on Sunday, August 24, 1947, while there on a visit; that, at the time, they were residents of Cabell County; and that they were not escaping from custody.

The circuit court, by order entered November 19, 1947, overruled the motion to quash the return of service and held the plea in abatement to be insufficient. The case having been set for trial during the current term of that court, the petitioners instituted this original proceeding in this Court.

At common law Sunday was a non judicial day and no judicial act or proceeding could be done or had on that day. 60 C. J. 1135. Though the issuance of civil process is by the weight of authority deemed to be a judicial act, the service of process is regarded merely as an administrative act and at common law service of process on Sunday was valid. 60 C. J. 1138. See *Wooldridge* v. *Wooldridge,* 69 W. Va. 554, 72 S. E. 654; *Lakeside Inn Corporation* v. *Commonwealth,* 134 Va. 696, 114 S. E. 769. By a statute of this State, Section 16, Article 3, Chapter 56, Code of West Virginia, 1931, however, no civil process or order

shall be executed on Sunday, except in cases of persons escaping from custody, or where it may be specially provided by law. This statute prohibits the service of civil process on Sunday unless such service is within its exceptions. The allegations of the plea in abatement, and the proof introduced to support it, show that the service of process as attempted was not within any of the exceptions mentioned in the statute. Though this Court may take judicial notice, from the date specified in the return, that the day on which service was had was Sunday, it is necessary to resort to a plea in abatement to show that the service at that time was not covered by the exceptions designated in the statute. Section 30, Article 4, Chapter 56, Code of West Virginia, 1931, generally provides that a defendant, on whom process summoning him to answer in any suit or action appears to have been served, shall not take advantage of any defect in the writ or the return, or any variance in the writ from the declaration, unless such defect or such variance shall be pleaded in abatement. The plea in abatement was proper and sufficiently shows that the service of process, though the process was regular and valid, was without the exceptions and within the prohibition of the statute. For that reason the service of process upon the petitioners was void and not binding upon them. 60 C. J. 1138; *Logan* v. *Ballard,* 61 W. Va. 526, 57 S. E. 143; *Mintz* v. *Frink,* 217 N. C. 101, 6 S. E. 2d 804.

Because of the void service of process, the Circuit Court of Lincoln County, though having jurisdiction of the subject matter since the cause of action arose in that county, was devoid of jurisdiction of the person of the defendants in the action. It was therefore without power to hear and determine the case or to enter a valid judgment against them. Every person against whom legal proceedings are sought is entitled to the opportunity to be heard. Due process requires that every defendant be given his day in court. This opportunity has not been afforded the petitioners in the manner provided by law. It is a fundamental principle of law that notice to a party

and an opportunity for him to be heard are essential to the jurisdiction of the court in which a proceeding is pending, and such notice must be given by the issuance and the service of process in the manner prescribed by law unless this requirement is waived. *Lemley* v. *Eakin,* 102 W. Va. 317, 135 S. E. 178.

When a trial court is without jurisdiction, in a particular case, either of the subject matter of the litigation or of the parties to it, the writ of prohibition will issue from this Court to prevent the trial of the case, regardless of the existence of other remedies. *State* v. *See,* 129 W. Va. 722, 42 S. E. 2d 31; *Lake O'Woods* v. *Wilhelm,* 126 W. Va. 447, 28 S. E. 2d 915; *White Sulphur Springs* v. *Ripley,* 124 W. Va. 486, 20 S. E. 2d 794; *Morris* v. *Calhoun,* 119 W. Va. 603, 195 S. E. 341; *Wolfe* v. *Shaw,* 113 W. Va. 735, 169 S. E. 325.

For the reasons stated, the writ of prohibition is awarded, as prayed for in the petition, against the Judge of the Circuit Court of Lincoln County and Maxine Midkiff, guardian of Ray Leonard Midkiff, an infant, the plaintiff in the action pending in that court.

*Writ awarded.*