Larry **LUTTRELL**, Petitioner,

v.

Jack **FREEMAN**, Justice of the Peace, and the Sheriff of Oklahoma County, Respondents.

No. A–14796.

Court of Criminal Appeals of Oklahoma.

Aug. 20, 1968.

Jon F. Gray, Oklahoma City, Okl., for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., Curtis P. Harris, Dist. Atty., D. K. Cunningham, Asst. Dist. Atty., for respondents.

PER CURIAM:

This is an original proceeding in which Petitioner, Larry Luttrell seeks a writ of habeas corpus. Petitioner alleges that he was arrested on April 26, 1968, and has been incarcerated in the city jail of Oklahoma City, Oklahoma and the county jail of Oklahoma County without being taken before a magistrate and without being allowed to make bail.

Petitioner was taken on April 29, 1968, before a female secretary in the office of Jack Freeman, Justice of the Peace, who informed Petitioner of the charge against him and asked for his plea. Upon stating that he was not guilty, Petitioner was returned to and remains in jail.

On May 6, 1968, Petitioner was brought before Justice of the Peace, Jack Freeman, for the purpose of a preliminary hearing in the Case No. 4238, State v. Larry Wayne Luttrell and Gary Dale Robinson, charging

the crime of Robbery with Firearms. Petitioner stated through his attorney that he was not ready for a preliminary examination because he had not been properly taken before a magistrate as required by statute. The Justice of the Peace then proceeded with a preliminary hearing on Robinson and continued the proceeding as to Petitioner.

Petitioner's attorney then filed a petition for a writ of habeas corpus in the District Court of Oklahoma County. The cause was set down for May 31, 1968, at which time, according to affidavit of a disinterested attorney present in the courtroom, the District Judge refused to hear witnesses on behalf of the Petitioner or to allow the court reporter to make a record of Petitioner's request. Such action by the District Judge seems unfortunate in view of 20 O.S.1961, § 108, which provides that it is prejudicial error for a court to refuse to permit a court reporter to take down proceedings when so requested by an attorney. However, the instant case is an original proceeding in which we do not review the action of the court below for reversible error. The fact that Petitioner was denied habeas corpus by the District Court and that there may have been irregular proceedings in said denial does not add to or subtract from any merit in the Petition for habeas corpus now before this court since it is not in the nature of a regular appeal.

There has existed, as reflected in this case, some confusion over the term "arraignment." In Oklahoma after an accused has been arrested he must be taken before a magistrate without unnecessary delay. 22 O.S.1961, § 181. In the case of Brown v. State, Okl.Cr.App., 384 P.2d 54, this court held:

"The Oklahoma Statutes providing that the Defendant must in all cases be taken before the magistrate without unnecessary delay, should be strictly followed. 22 O.S.A. § 181."

\* \* \* \* \* \*

"A period of eight days elapsed before the Defendant was taken before a magistrate. Such delay could amount to a denial of a substantial right, but no such deprivation has been established by this record. The burden is on the Defendant to establish prejudice by reason of the delay. In the case of In re Dare, Okl.Cr. App., 370 P.2d 846; a delay of 33 days was held not to be prejudicial under the circumstances. Each such case must depend on its own facts."

The magistrate must inform one accused of a felony of the charge, his right to counsel, and his right to a preliminary hearing. 22 O.S.1961, § 251. If an accused does not waive a preliminary hearing the magistrate must hold such a hearing. 22 O.S.1961, § 253. At the close of a preliminary hearing the examining magistrate may either dismiss or order accused bound over on the charge. An information is then filed and the accused is "arraigned" in a court having jurisdiction over the offense. 22 O.S.1961, § 451. At the arraignment the accused must be advised of his right to counsel and that counsel will be appointed if he is indigent. 22 O.S.Supp.1967, § 464.

The arraignment of an accused in the court having jurisdiction over the crime required by 22 O.S.1961, § 451, may be done by a clerk or District Attorney under the direction of the court under the authority of 22 O.S.1961, § 465. However, there is no similar authorization for a clerk to be substituted for a magistrate in the requirement of 22 O.S.1961, § 176. It is clear that the clerk of a Justice of the Peace is not a magistrate. 22 O.S.1961, §§ 161, 162. Bearden v. State, 29 Okl.Cr. 398, 233 P. 1100.

Every person accused of a crime must be taken before a magistrate without unnecessary delay and being taken before a clerk of a Justice of the Peace does not satisfy this requirement of the law. An unnecessary delay on the part of arresting

officers is defined as a misdemeanor in 21 O.S.1961, § 534. Even if a person has been lawfully arrested, an accused may have a cause of action for false imprisonment if there is an unnecessary delay in taking him before a magistrate. Ames v. Strain, Okl., 301 P.2d 641.

However, it does not appear from the circumstances present in the instant case that Petitioner was prejudiced or denied a fundamental right due to an unnecessary delay in taking him before a magistrate. There is no showing that Petitioner was subjected to "sweat box" tactics or that any confession or admission against interest was extracted from him prior to his being taken before a magistrate and informed of his rights and the charge against him. The officers apparently made an attempt to take Petitioner before a magistrate when they took him to the courtroom of the Justice of the Peace, on April 29, 1968, the Monday after his arrest on Friday, April 26, 1968. At this time there was an attempt to comply with 22 O.S.1961, § 176. Petitioner was in fact taken before a magistrate at the time of the attempted preliminary hearing on May 6, 1968, some ten days after he was arrested. It was at the Petitioner's request, with assistance of counsel, that the proceedings on May 6, 1968, were delayed. Such cannot be considered to prejudice his cause or deny him a speedy trial.

Nothing herein should be taken to indicate that this court would condone the taking of an accused before the clerk of any court as satisfying the requirement of 22 O.S.1961, §§ 176 and 181. Surely, in the instant case a writ of habeas corpus would have been proper relief after Petitioner had been jailed and prior to his being taken before a magistrate on May 6, 1968. But to grant a writ at this time would serve no useful purpose since Petitioner has had the opportunity to go before a magistrate in compliance with the requirement and purpose of 22 O.S.1961, §§ 176 and 181.

For the reasons set forth above the writ of habeas corpus is hereby denied.

This opinion was prepared by the Referee of this Court, Penn Lerblance, and approved and adopted by the Court this 20th day of August, 1968.